IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONYA ANN FOCHS-ORTEGA,   CV. 06-78-AS

        Plaintiff,   OPINION AND ORDER

  v.

HUNTLEIGH USA CORPORATION,
a Missouri corporation, and JOHN DOE
("TADESSA")

        Defendants.
_____

ASHMANSKAS, Magistrate Judge:

     Tonya Ann Fochs-Ortega, an America West customer service representative ("Plaintiff"), was injured while attempting to recover a piece of luggage that was incorrectly tagged. Plaintiff noticed the mislabeled luggage as it traveled into the baggage tunnel. She turned off the conveyor belt, crawled down the belt and behind a curtain to retrieve the bag. A third party then turned on the conveyor belt, causing Plaintiff to injure her shoulder. At the time of the incident, four or five America West employees were working at the ticket counter and one employee of Huntleigh USA

Corporation ("Huntleigh") was running bags through the x-ray machine.

Plaintiff alleges that Tadesse Desta ("Desta"),[1] the Huntleigh employee, turned the conveyor belt on. She seeks over $500,000 in damages from Desta and Huntleigh (collectively referred to as "Defendants"). Defendants now move for summary judgment asserting that Plaintiff has failed to present evidence that Desta was, in fact, the individual that turned the conveyor belt on.

## Preliminary Procedural Matters

Defendants object to Plaintiff's denial of the factual statements that "Mr. Desta did not turn on the conveyor belt" and that "Officer Burt's report states "[w]hile on the belt, unknown person(s) started the belt again." Defendants' Concise Statement of Facts at ¶9 and ¶14. Defendants contend that Plaintiff failed to support her denial with citations to a particular affidavit. Plaintiff did, however, refer to her own affidavit in her recitation of additional facts, which included her belief that Desta started the conveyor belt. This is sufficient support for her denial of paragraph 9. It also, to some degree, supports her denial of the truth of the statement contained in Officer Burt's report but not the fact that the statement does, in fact, appear in the report. For this reason, the court accepts the factual statement found in paragraph 14.

Defendants also object to the statements of Linda Dahlen attached to Chris Hall's declaration. Defendant asserts that the statements are hearsay and do not qualify for an exception to the hearsay rule. Hall interviewed Dahlen at the request of Plaintiff's counsel. The interview was taped, subsequently transcribed and offered as an exhibit to the declaration of Chris Hall. In the interview, Dahlen indicated that she saw Desta turn the conveyor belt on.

---

[1] Plaintiff refers to Desta as "John Doe ("Tadessa")" in her complaint as she did not now Desta's name at the time the complaint was filed.

Affidavits supporting and opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Hearsay, an out-of-court statement offered to prove the truth of the matter asserted, is inadmissible. Fed. R. Evid. 801, 802. Dahlen's out-of-court identification of Desta as the individual who started the conveyor belt is offered for the truth of the matter asserted and is hearsay. The evidence does not qualify under any of the hearsay exceptions. Consequently, the identification is inadmissible.

## Background

Plaintiff admits that she does not know who turned the conveyor belt on and did not hear anyone say they saw Desta operate the belt. Fochs-Ortega Depo. at 75. However, she stated at her deposition that she observed Huntleigh employees use the buttons at the ticket counter to control the conveyor belt on a daily basis and that she had seen Desta operate the belt in that manner in the past. Id. at 64, 67. She also indicated that, immediately after the incident, Desta was the first one to reach her on the belt. He asked her if she was O.K. and kept saying "I'm sorry, I'm so sorry." Id. at 76-77. Based on Desta's previous use of the buttons on the ticket counter and his reaction and apologetic nature after the incident, Plaintiff believes that Desta was responsible for turning on the conveyor belt. Id. at 93.

Desta reported that he first became aware of Plaintiff's situation when he heard a scream and observed others helping Plaintiff from the baggage tunnel. Desta Depo. at 13. He asked Plaintiff what happened and told her he was sorry. Desta denied turning the belt on and indicated that at the time the belt was turned on, he was next to the counter people and far from the belt. Id. When

Plaintiff returned to work after the incident, she was very friendly to Desta and gave him an America West hat. She never stated that she thought that he had turned on the belt. Id. at 17.

### Legal Standard

Rule 56 of the Federal Rules of Civil Procedure allows the granting of summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). "[T]he requirement is that there be no genuine issue of material fact." Anthes v. Transworld Systems, Inc., 765 F. Supp. 162, 165 (Del. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986))(emphasis in original).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is absent. Celotex v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the onus is on the nonmovant to establish that there is a genuine issue of material fact. Id. at 324. In order to meet this burden, the nonmovant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Celotex, 477 U.S. at 324.

An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250. On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

## Discussion

Plaintiff has no direct evidence that Desta started the conveyor belt. She asks the court to infer from her circumstantial evidence that Desta was the individual that pushed the button. This is both a plausible and reasonable inference from Plaintiff's testimony that: 1) she had seen Desta use the button to turn the conveyor belt on in the past; 2) Desta was working in the ticket area the morning of the incident; 3) Desta was the first person to reach her in the baggage tunnel; and 4) Desta repeatedly apologized to the Plaintiff immediately after the incident. Plaintiff has presented enough evidence to raise a genuine issue of material fact with regard to who started the conveyor belt.

## Conclusion

Defendants' motion for summary judgment is DENIED.

DATED this 20th day of March, 2007.

    /s/   Donald C. Ashmanskas
    DONALD C. ASHMANSKAS
    United States Magistrate Judge